IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ENDO PHARMACEUTICALS INC., :
et al., :
 :
        Plaintiffs, :
 :
   v. : Civil Action No. 14-1389-RGA
 :
TEVA PHARMACEUTICALS USA INC., :
et al. :
        Defendants. :

**MEMORANDUM**

The parties dispute the form of the final judgment. (D.I. 193, 196, 197, 200, 201). There were multiple issues, but only one remains. It concerns the language of the permanent injunction of paragraph 7.

I earlier expressed concern about the *eBay* factors (D.I. 198 at 2), and the parties have resolved that concern by agreement in paragraph 8 of the final judgment. Thus, the parties agree that there should be an injunction pursuant to 35 U.S.C. § 271(e)(4)(B). That section provides that the Court may "[for] an act of infringement" in an ANDA case, grant injunctive relief "against an infringer to prevent the commercial manufacture, use, offer to sell, or sale . . . of an approved drug." Defendants want to include the language "for purposes of this case only." Defendants make almost no argument in support of the request (D.I. 201 at 2), and the proposed addition makes little sense to me. Thus, I deny the Defendants' request.

Plaintiffs request that the injunction extend to "any products which are not colorably different [from the "oxymorphone hydrochloride extended release products that are the subject of

ANDA No. 20-4324"]." I infer this is an extremely unusual request. Plaintiffs did not originally ask for it in this case, and cite nothing from this District in support of the request. Plaintiffs provide one final judgment from another District (D.I. 200, Exh. B), but there is no indication that the language was litigated. There is one case cited from the District of New Jersey where the matter was actually briefly discussed, *see Sanofi-Aventis v. Glenmark Pharms. Inc.*, 821 F.Supp.2d 681, 697 (D.N.J. 2011), but I am not persuaded that case compels the conclusion that the language is necessary.[1] Nor does Federal Circuit case law. It seems to me that the "colorably different" standard is one that generally arises in contempt proceedings. *See Abbott Labs v. Torphar, Inc.*, 503 F.3d 1372, 1380 n. 3 (Fed. Cir. 2007). It might arise in claim or issue preclusion proceedings. But there is no showing that it should be incorporated into the language of otherwise proper injunctive relief, and I decline to do so.

IT IS SO ORDERED this 30 day of November 2016.

                                                                                                                                                /s/ Richard G. Andrews
                                                                                                                                                United States District Judge

---

[1] The New Jersey case's injunction was principally to prohibit the submission of additional ANDAs. Plaintiffs' request here is designed to be used in litigation concerning an already submitted ANDA.